### In the Matter of J'VILLE HOMES, INC., and American Modular Systems, Inc.
#### No. BK 3–1677–C.

United States District Court,
N. D. Texas,
Dallas Division.
May 24, 1974.

William T. Burke, Jr., Green, Gilmore, Crutcher, Rothpletz & Burke, Dallas, Tex., for debtor.

Vernon O. Teofan, Ungerman, Hill, Ungerman, Angrist, Dolginoff & Teofan, Dallas, Tex., for petitioning creditors and op. receiver.

L. E. Creel, III, Creel & Atwood, Dallas, Tex., for operating receiver.

John H. Minton, Potter, Lasater, Quinn, Minton & Knight, Tyler, Tex., for creditors' committee.

Dean Carlton, Dean Carlton, Inc., Dallas, Tex., for Ralph Litterst.

Ronald W. Kessler, Stroud & Smith, Dallas, Tex., for Jerry Booker, and others.

David A. Botte, Washington, D. C., for claimant Rita Sobel.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., Chief Judge.

This is a review of an order of the Honorable Dean M. Gandy, Referee in Bankruptcy, overruling objections to the claims of certain creditors of J'Ville Homes, Inc.'s parent corporation, American Modular Systems, Inc. The scope of review of this Court is limited by Rule 810 of the Bankruptcy Rules as to the facts as to whether the findings of the Referee were clearly erroneous. The Court is of the opinion that the Referee has correctly found the facts and correctly concluded the applicable law. Therefore, the order of the Referee will be affirmed.

American Modular Systems, Inc., was formed for the sole purpose of buying J'Ville Homes, Inc., from its prior owner. Part of the money used to purchase J'Ville was borrowed on two-year notes given to various individuals. These individuals were at the same time or sometime after the making of the notes notified that they would have the right to convert the notes into American's common stock during the first year of the notes. Some people had converted their stock by the time bankruptcy was filed and others had not. We are concerned with the claims of the persons who had not converted their notes to common stock.

The first objection to the claims of these individuals is that the notes were equity interests not security interests because of the convertibility of the notes. The Referee correctly held that the notes were loans until converted. Until converted, the notes had no resemblance to equity and all the attributes of a security interest.

Shortly after J'Ville was placed into bankruptcy, the management of both corporations, who were one and the same, moved ex parte for joinder and consolidation of American into J'Ville's bankruptcy proceeding on the ground that they were one and the same. The joint management said that the two corporations had been run as the same and that the assets had been commingled. The Referee ordered the joinder on the representations of the two debtors' management. No debtor, creditor or anyone else has ever objected to the order.

The proceedings since the entry of this order have been predicated on this consolidation and joinder. Two plans of arrangement which each contained a separate classification for the claims now subject to this dispute were proposed. Both plans were defeated by the creditors. A third plan which did not set up a separate classification for these claims and which did not expressly name them was proposed. This plan was approved by the creditors with our disputed claimants voting. The plan was then confirmed by the Referee. After all of this, the Debtors and the Creditors' Committee objected to these claims of the noteholders of American. The Referee correctly found that no objection to the order of joinder has ever been made and correctly concluded that this would have been the proper time for any party to object to the inclusion of these creditors and that it would also be inequitable to throw these claimants out after such a long time.

The Debtors and Creditors' Committee cannot sit on any objections they may have until after it would severely prejudice the claimants, particularly

when the claimants have relied upon the words and actions of the Debtors and Creditors' Committee. Therefore, in equity and good conscience, the disputed claims must be allowed.